ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 23, 2012

The Honorable Richard J. Miller                Opinion No. GA-0909
Bell County Attorney
Post Office Box 1127                            Re: Transportation of a patient after a preliminary
Belton, Texas   76513                          examination by a mental health facility  (RQ-0990-GA)

Dear Mr. Miller:

You seek an opinion about what "mode of transportation may be used to transport a mentally ill person to Austin State Hospital ("ASH") or another appropriate facility after a preliminary examination by a mental health facility."[1]

You note that section 574.045 of the Health and Safety Code ("Code") provides procedures and requirements for transportation of a mentally ill person who has been detained under two sections: sections 573.022 and 574.023. *See* Request Letter at 1. You describe a situation involving detention under a third section, section 573.021, under which a mental health facility initially conducts a preliminary examination of an individual. *See id.* In the situation you describe, that mental health facility determines that there is a need to hospitalize the person at ASH or another similar facility. *See id.* You state that "[t]here is no court involvement in such scenario, but it is not clear that the mental health facility is free under such circumstances to arrange for transportation of the patient on its own without court involvement." *Id.* You ask "[i]n such [a] situation, may a patient be taken to ASH or a similar treatment facility by private conveyance arranged for by the initial health facility rather than requiring a court order under the provisions of Section 574.045?" *Id.*[2]

The primary concern of statutory construction is to ascertain and effectuate the intent of the Legislature. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). To determine that intent, we begin with the language of the statute. *See id.* "We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Id.* In determining legislative intent, we also consider the purpose or the "object sought to be obtained." *See* Tex. Att'y Gen. Op. No. GA-0759 (2010) at 6.

---

[1]Letter from Honorable Richard J. Miller, Bell County Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (Aug. 3, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]Though the initial statement of your question could suggest you are concerned primarily with only a method of conveyance, the situation you describe under section 573.021 and your concern about lack of court involvement suggests you are asking more generally about authority to transport a patient under section 573.021. It is this question we address.

We first consider the language of relevant provisions in chapters 573 and 574. Section 574.045 applies to committed patients[3] or persons detained under only sections 573.022 and 574.023. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.045(a) (West Supp. 2011) ("The court may authorize . . . the transportation of a committed patient or a patient detained under Section 573.022 or 574.023 . . . ."). It does not include patients detained under section 573.021. *See id.* Moreover, sections 573.022 and 574.023 themselves authorize, under different circumstances, the transportation of a mentally ill person to another facility. *See id.* §§ 573.022(b) ("A mental health facility that has admitted a person for emergency detention under this section may transport the person to a mental health facility . . . ."), 574.023(a) (West 2010) ("A protective custody order shall direct a person authorized to transport patients under Section 574.045 to take the proposed patient into protective custody and transport the person immediately to a mental health facility . . . ."); *see also id.* §§ 573.025(a)(6), .026 (West 2010) (requiring transportation under section 573.022 be provided according to section 574.045). The language of the relevant provisions does not authorize the transportation of a mentally ill person under section 573.021.

Moreover, the express inclusion of sections 573.022 and 574.023 within the scope of section 574.045 indicates that the Legislature knows how, and under what circumstances, to provide for the transportation of detained mentally ill persons, something it has not done with respect to section 573.021. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). We must presume that the Legislature did not include reference to section 573.021 in section 574.045 for a reason. *See TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 439 ("We presume that the Legislature chooses a statute's language with care, including . . . purposefully omitting words not chosen."). For us to opine that a mental health facility could employ section 574.045 to transport a mentally ill person detained under section 573.021 would require us to insert language into the text of section 574.045. We decline to do so. *See Energy Serv. Co. of Bowie, Inc. v. Superior Snubbing Servs., Inc.*, 236 S.W.3d 190, 199 (Tex. 2007) (stating that "[o]nly when it is necessary to give effect to clear legislative intent can we insert, by interpretation, additional words or requirements into a statutory provision").

While the statutory text resolves your question as explained above, it is appropriate in this context to consider the purpose of the Code as well. Because a person is deprived of liberty when involuntarily detained or committed, constitutional due process protections are implicated. *See O'Connor v. Donaldson*, 422 U.S. 563, 580 (1975) ("There can be no doubt that involuntary commitment to a mental hospital . . . is a deprivation of liberty which the state cannot accomplish without due process of law."). The purpose of the Code includes providing access to humane care and treatment for persons suffering from mental illness *and* safeguarding the person's legal rights. *See* TEX. HEALTH & SAFETY CODE ANN. § 572.002 (West 2010); *see also* 25 TEX. ADMIN. CODE § 404.154 (2011) (Dep't of State Health Services, Rights of All Persons Receiving Mental Health

---

[3]The situation you describe involves a person being detained for preliminary examination and thus does not involve a committed patient who may be involuntarily committed only upon court order. *See generally* TEX. HEALTH & SAFETY CODE ANN. §§ 574.034 (West 2010) (authorizing judge to order temporary inpatient mental health services upon certain findings with clear and convincing evidence), 574.035 (West Supp. 2011) (authorizing court-ordered extended inpatient mental health services).

Services) (listing rights of persons receiving mental health services).  The Code is a complex scheme that the Legislature implemented to balance those competing purposes.

The sections about which you ask contain provisions that serve the Code's balance between detention and respect for a person's due process rights.  Section 573.022 allows a person to be detained for emergency mental health treatment but only upon a written statement from a medical professional based on established standards that the person is in need of those services.  *See* TEX. HEALTH & SAFETY CODE ANN. § 573.022(a) (West Supp. 2011).  And it generally requires the intervention of a court for subsequent transportation.  *See id.* § 573.022(b).  Section 574.023 requires a court to make judicial findings within a limited period of time before allowing for continued detention under a protective custody order.  *See id.* §§ 574.023(b) (West 2010) (allowing detention until hearing is held under section 574.025), 574.025(b) (requiring probable cause hearing "not later than 72 hours after . . . the proposed patient was detained under a protective custody order").

Similarly, section 573.021 serves the balance of interests contemplated by the Code.  Under chapter 573, a person may be detained without a warrant on the observations of a peace officer.  *Id.* § 573.001 ("A peace officer, without a warrant, may take a person into custody if the officer . . . has reason to believe and does believe that . . . the person is mentally ill" and poses a substantial risk of harm to themselves or others); *see also id.* § 573.002(a) (requiring an application for emergency detention).  But section 573.021 authorizes a mental health facility only to temporarily accept, rather than admit, a person into the facility for the limited purpose of a preliminary examination.  *Compare id.* § 573.021(a) ("A facility shall *temporarily accept* a person . . . ."), *with id.* § 573.022(a) (West Supp. 2011) ("A person may be *admitted* to a facility for emergency detention . . . .") (emphasis added).  And section 573.021 generally restricts the emergency detention of the person to no longer than 48 hours.  *See id.* § 573.021(b) (West 2010).  With these requirements, section 573.021 minimizes the deprivation of liberty caused by a warrantless detention.  Allowing the initial mental health facility to transport the person to another mental health facility without court involvement and absent a physician's written findings that the person is mentally ill and in need of immediate treatment would thwart the due process protections afforded by the Code and upsets the balance between medical treatment and protection of legal rights.  In addition to construing the plain text of the statutes in question, as we have done, we must also avoid a conclusion that contravenes the purpose of the Code.  *See Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) (stating that courts "reject interpretations of a statute that defeat the purpose of the legislation so long as another reasonable interpretation exists").

In sum, the language of the relevant provisions of chapters 573 and 574, in addition to the purposes sought to be achieved by the Code, compel the conclusion that the Legislature intended to allow for transportation of a mentally ill person to ASH or a similar mental health facility only as provided by section 574.045.[4]

---

[4]Once a preliminary examination under section 573.021 has been conducted and a physician has made the written statement containing his or her findings required by section 573.022, an initial mental health facility would be authorized to transport the patient to another mental health facility under sections 573.022 and 574.045.

## S U M M A R Y

The Legislature provides for the transportation of a mentally ill person under section 574.045, Health and Safety Code. Section 574.045 does not authorize transportation of a person who has been detained under section 573.021. Accordingly, a person may not, under section 573.021, be taken to the Austin State Hospital or similar treatment facility by private conveyance arranged for by the initial mental health facility that conducted the preliminary examination of the person.

However, once a preliminary examination under section 573.021 has been conducted and a physician has made the written statement containing his or her findings required by section 573.022, an initial mental health facility would be authorized to transport the patient to another mental health facility under sections 573.022 and 574.045.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee